UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DARYL L. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-00876 |
| | ) | Judge Sharp |
| WERTHAN PACKAGING, INC., | ) | |
| Defendant. | ) | |

## ORDER

The Magistrate Judge has issued an 18 page Report and Recommendation ("R & R") (Docket No. 30) in which he recommends that Defendant's Motion for Summary Judgment (Docket No. 17) be granted and that this case be dismissed. Plaintiff has filed Objections (Docket No. 35) to the R & R, to which Defendant has filed a response (Docket No. 36).

In the thorough and well-reasoned R & R, the Magistrate Judge recommends dismissal of this action because (1) Plaintiff's Complaint fails to allege that he was a qualified individual with a disability under the Americans with Disabilities Act; (2) Plaintiff's state law retaliation claim is barred by the applicable statute of limitations; and (3) Plaintiff's workers' compensation claim fails to state a legally cognizable claim. Having conducted the required *de novo* review under Rule 72(b)(3) of the Federal Rules of Civil Procedure, and having considered the entire record, including all of Plaintiff's filings and Defendant's responses thereto, the Court will approve the R & R and enter judgment in Defendant's favor for the reasons stated in the R & R. The Court will also overrule Plaintiff's objections.

In his Complaint and in response to Defendant's Motion for Summary Judgment, Plaintiff

1

claims that he was retaliated against for seeking worker's compensation benefits. The Magistrate Judge found this claim to be untimely because Plaintiff was separated from employment on May 18, 2009, but suit was not filed until September 2010. The Magistrate Judge wrote:

> In Headrick v. Union Carbide Corp., a panel of the Tennessee Court of Appeals determined that the statute of limitations for workers' compensation retaliation claims is one year. 825 S.W. 2d 424, 425-26 (Tenn. App. 1991). This limitations period starts to run when the employer provides the employee with "unequivocal notice of the employer's termination decision." Fahrner v. SW Mfg., Inc., 48 S.W. 3d 141, 144 (Tenn. 2001). Furthermore, research has not revealed any Tennessee case law suggesting that filing an EEOC claim, as plaintiff Thomas did, tolls the statute of limitations. See, Jackson v. Falcon Transport Co., No. 3:08-0771, 2011 WL 1627319, at *3 (M.D. Tenn. Apr. 29, 2011) ("Tennessee law makes it clear that the statute of limitations for bringing a direct court action is not tolled while administrative charges are pending with the EEOC."); Jackson v. Burnett v. Tyco Corp., 932 F. Supp. 1039, 1044 (W.D. Tenn. 1996) ("Plaintiff has cited no Tennessee decisions, and the court has found none, indicating that the Tennessee courts would allow tolling under these circumstances").

(Docket No. 30 at 15).

Plaintiff does not object to the Magistrate Judge's legal conclusions relating to the statute of limitations for worker's compensation retaliation claims. Rather, he asserts in his Objections that (1) someone named Sonny Lipston ("Lipston") (perhaps an Equal Employment Opportunity Commission or Tennessee Human Rights Authority investigator) spent a year investigating his case; (2) the same individual told Plaintiff that he could do nothing "about the worker's comp part of [his] case"; (3) Plaintiff spoke with "several comp lawyers" who said "the statute of limitations had run out"; (4) Plaintiff did not know that while the Equal Employment Opportunity Commission was investigating his case the statute would continue to run; (5) and had Plaintiff known the law he would have filed his Complaint earlier. (Docket No. 35 at 2).

For several reasons, Plaintiff's Objections will be overruled. First, none of the assertions that are now advanced were presented to the Magistrate Judge and "[c]ourts generally do not consider

2

new evidence raised in objections to a magistrate judge's report and recommendation." Tavares v. City of New York, 2011 WL 5877548 at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Second, to the extent Plaintiff seeks to toll the statute of limitations, that request is denied. Plaintiff does not claim that he was actively misled by anyone (Lipston only said that he could do nothing about the worker's compensation claim). Rather, Plaintiff claims he did not understand the need to file suit within a year, notwithstanding any ongoing investigation. However, ignorance of the law even by *pro se* litigants does not toll the limitations period. Moore v. United States, 438 Fed. Appx. 445, 459 (6th Cir. 2011) (collecting cases).

Third, Plaintiff's retaliation claim fails on the merits. Plaintiff simply alleges Defendant failed to file a worker's compensation claim on his behalf after he injured his back. However, "[p]roof that plaintiff was employed, that he exercised his rights under the workers' compensation act, and was subsequently discharged is insufficient to establish causation." Federated Rural Elec. Ins. v. Hill, 2011 WL 3452196 at *6 (6th Cir. Aug. 8, 2011). "Instead, the plaintiff must establish the causal link by direct evidence or 'compelling circumstantial evidence.'" Id. "Moreover, the plaintiff must show that his workers' compensation *claim*, as opposed to his *injury*, was the 'true or substantial reason' for his discharge." Id. (italics in original).

Plaintiff has wholly failed to meet his burden because, as the Magistrate Judge correctly observed, at the time Plaintiff either quit (according to Defendant) or was fired (according to Plaintiff), "the record clearly reflects that Plaintiff Thomas was not able to perform the 'essential' function of his job," specifically, the lifting requirements. (Docket No. 30 at 14). The physical inability to do a job is a legitimate reasons for terminating an at-will employ, Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993), and Plaintiff has failed to produce any admissible

3

evidence which would suggest that this reason proffered by the Defendant is untrue and/or that a substantial factor in his discharge was a request for worker's compensation benefits, a request which, tellingly, was not filed by Plaintiff until months after he left Defendant's employ.

Prior to closing, the Court notes that Plaintiff has filed a "Reply to Defendant['s] Response" (Docket No. 38) in which he writes, "I would like to ask Judge Sharp and Magistrate Bryant for a reply to response to the defendant['s] response to my objection and report and recommendation." (Id. at 1). To the extent that this is construed as a request by Plaintiff that he be granted leave to file a reply to Defendant's "Response to Plaintiff's Objections" (Docket No. 36), the request is denied. Defendant's 23 page response is a rehashing of the arguments that were presented to the Magistrate Judge. No new arguments are raised in relation to the Objections filed by Plaintiff which require a further response.

Accordingly, the Court enters the following rulings:

(1) The Report and Recommendation (Docket No. 30) is hereby ACCEPTED and APPROVED, and Plaintiff's Objections thereto (Docket No. 35) are hereby OVERRULED;

(2) Defendant's Motion for Summary Judgment (Docket No. 18) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE